FREDERICK W. HELMKE, Respondent, *v.* HENRY I. STETLER, Appellant.

*Vicious propensity of a horse — newly-discovered evidence.*

On a motion, by the defendant, for a new trial on the ground of newly-discovered evidence, in an action brought by an employee against his employer to recover damages for an injury inflicted by a vicious horse furnished for the former's use, the defendant submitted an affidavit made by a person who had been shown on the trial to have been kicked by the horse to the defendant's knowledge, that the horse, while fighting with another horse, did kick the affiant, but that it was a slight kick and was attributable to the affiant's carelessness.

*Held,* that the effect of this testimony would be to further·show the vicious disposition of the horse, and, therefore, it furnished no ground for granting the defendant a new trial.

APPEAL by the defendant, Henry I. Stetler, from an order made on the 14th day of February, 1893, by the justice of the Supreme Court before whom the case was tried at the Rockland Circuit, denying the defendant's motion for a new trial on the ground of newly-discovered evidence.

The trial had resulted in a verdict in favor of the plaintiff for $1,000 damages.

*Abram A. Demarest,* for the appellant.

*C. P. Hoffman,* for the respondent.

DYKMAN, J. :

This is an appeal from an order denying a motion for a new trial upon newly-discovered evidence.

The action is for the recovery of damages resulting from the kick of a horse belonging to the defendant.

The plaintiff was in the employ of the defendant when he received the injury, and the action is based upon the vicious propensity of the animal.

The question of fact upon which the case would turn was well understood by the defendant and his counsel, for there were two trials of the action.

The affidavits upon which the motion is based are quite unsatisfactory, and it is by no means clear that the new testimony would produce a different result.

It was proved upon the trial that the defendant had knowledge that the horse had kicked Robert Byer, and now he makes an affidavit that the horse did kick him, but that it was a slight kick, and he attributes it to his carelessness.

His testimony, therefore, would prove the fact that the horse did kick him while it was fighting with another horse, and thus show that the vicious disposition of the animal induced it to kick men and fight with other horses.

The other affidavits are in many respects suspicious and inconsistent with the established facts. Our conclusion is that the affidavits are insufficient to justify a new trial, and that the order should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., and PRATT, J., concurred.

Order denying new trial on ground of newly-discovered evidence affirmed, with ten dollars costs and disbursements.